CINTRÓN, APPELLANT, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Assignment of Rents.

No. 490.—Decided May 6, 1921.

RECORD OF TITLE—ASSIGNMENT OF RENTS—PERSONAL RIGHT.—Although an assignment of rents may conform to all the requirements of subdivision 5 of article 2 of the Mortgage Law, a deed assigning such rents is not recordable because the assignment is of a purely personal right.

The facts are stated in the opinion.

*Mr. J. Hernández Usera* for the appellant.

The respondent did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By a public instrument of June 7, 1918, Manuel Portela Cabezudo leased to The Porto Rican American Tobacco Company a farm property with the buildings thereon for a period of six years beginning June 1, 1919, for the sum of $5,000 annually, payable semi-annually in advance, the lessee company agreeing to advance to the lessor the first four instalments amounting to $10,000 at a discount of seven per cent as interest. The contract was recorded in the registry of property. By another instrument of July 3, 1920, the same parties entered into a new contract for a lease of the same property for a period of one year beginning June 1, 1925, the date of the expiration of the first contract, for the sum of $5,000, payable semi-annually in advance. The parties agreed that the second contract should be recorded in the registry of property and it was so recorded.

Portela Cabezudo, in his own right and as the representative of his wife, Teresa Torres Dávila, by an instrument of February 16, 1921, into which the two said contracts were copied, assigned to José Vicente Cintrón the instalments of rent which had not been paid, the first of which was to become due on June 1, 1921, and the total of which amounted to $25,000, for the sum of $18,645.83 on the basis of a discount

of ten per cent, it being agreed that the charges for drafting the instrument and recording it in the registry of property as well as for the deed of release to be executed in due course for the cancelation of the lien, should be paid by the assignor, Portela Cabezudo.

The deed of assignment of the rent having been presented in the registry for record, the registrar refused to record it by a decision which reads in part as follows:

"Record of the foregoing instrument is denied   *   *   *   because it is observed that the assignment of rent contracted therein is not recordable in the registry of property for the reason that it is a personal obligation and not a real right, according to the doctrine laid down by the Supreme Court of Porto Rico in the cases of *Banco Territorial y Agrícola* v. *Registrar,* 19 P. R. R. 983, and *Simonds* v. *Registrar,* 22 P. R. R. 567.   *   *   * "

That decision, dated March 26, 1921, has been appealed from by assignee José Vicente Cintrón, whose attorney alleges in support of the appeal that the jurisprudence cited by the registrar is not applicable to the case for the following reasons:

"1st. Because the case of *Banco Territorial y Agrícola* v. *Registrar,* 19 P. R. R. 983, as averred by the appellant in *Simonds* v. *Registrar,* 22 P. R. R. 567, involved a lease contract which had not been recorded in the registry of property, while this case involves an assignment of the rent under two leases of the same property, both leases being recorded in the registry of property by express agreement of the parties, the first lease being for six years and the second for one year, to expire on May 31, 1926, and the rent assigned covers a period of from June 1, 1921, to the termination of the two leases on May 31, 1926.

"2nd. The case of *Simonds* v. *Registrar* only involved the assignment of one single instalment of rent, the contract was for less than six years and it was not agreed that it should be recorded in the registry, while this case comprehends two lease contracts beginning June 1, 1919, and to expire on May 31, 1926, or a period of seven years, and in clause four of the deed of assignment of the rent it was stipulated that Portela should pay all of the charges for draft-

ing the contract and for its record in the registry of property, which is an implied agreement that the deed should be recorded.

''3rd. Because in this case the deed of assignment of the rent contains all of the requirements of subdivision 5 of article 2 of the Mortgage Law, while the contracts involved in the cases of *Simonds* v. *Registrar* and *Banco Territorial y Agrícola* v. *Registrar* did not conform to that statute.''

We agree that the cases cited and this case are not similar in their details; but the records show that the fundamental question involved in all of them is the same, that is, whether or not an assignment of rent is recordable in the registry, and that question was disposed of to the effect that the right of a lessor to recover rent from the lessee is purely a personal obligation between the said lessor and lessee and not a real contract or real right, and the assignment or transfer of such a right is not recordable in the registry of property.

It is true, as maintained by the appellant, that in the case of *Simonds* v. *Registrar of Humacao*, 22 P. R. R. 567, this court said:

''It may be noted in passing, even if said article 30 could apply, that it requires that the contracts referred to should partake of all of the characteristics required by said paragraph 5. The assignment here is not for six years, neither is there any agreement for record, nor any other element that makes a contract of lease recordable. There is only a single instalment of rent assigned.''

But immediately preceding the paragraph of the opinion quoted the court clearly explains that article 30 of the Mortgage Law Regulations ''simply refers to the subsequent transfer of the lease and essentially protects the lessee or subsequent lessees.'' Therefore, we must conclude that even if an assignment of rent should contain all of the conditions of subdivision 5 of Article 2 of the Mortgage Law, as it does in this case, the deed of assignment would not be recordable because it is an assignment of a purely personal right. The

point was fully discussed in *Simonds* v. *Registrar, supra,* and
no further reasoning is necessary.

The decision appealed from must be

*Affirmed.*

Justices Wolf and Aldrey concurred.

Justices Del Toro and Hutchison dissented.